**Warren PALMER, III, Plaintiff–Appellant**

v.

**Burl CAIN; Herbert Duncan; Troy Poret, Defendants–Appellees.**

No. 08–31020
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 2009.

Warren Palmer, III, Angola, LA, pro se.

Babatunde Mobolade Anima–Shaun, Office of the Attorney General for the State of Louisiana, Baton Rouge, LA, for Defendants–Appellees.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Warren Palmer, III, an inmate at the Louisiana State Penitentiary at Angola, filed a 42 U.S.C. § 1983 action against prison officials which the district court dismissed.

In his brief, Palmer raises two claims. First, he complains about the manner in which a disciplinary meeting was conducted before he was transferred to administrative segregation. Second, he argues that the magistrate judge improperly granted defendants' motion for summary judgment and dismissed his claim that the defendants deprived him of his right to exercise while confined in administrative segregation.

For the following reasons we affirm the district court's judgment.

Palmer's first claim fails because due process is generally not required at prison disciplinary hearings unless a hardship much more atypical or significant than Palmer's 97 days in administrative segregation is imposed. *See Sandin v. Conner,* 515 U.S. 472, 483–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Hernandez v. Velasquez,* 522 F.3d 556, 563 (5th Cir.2008). On his second claim, a review of the record reveals that the magistrate judge correctly determined that Palmer failed to exhaust his administrative remedies on his argument that defendants deprived him of his right to exercise while confined in administrative segregation.

Accordingly, the district court's grant of summary judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.